IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:26-cv-00555-SKC-SBP

WILDER MANUEL LOPEZ DE LEON,

    Petitioner,

v.

JUAN BALTAZAR, *et al.*,

    Respondents.

## ORDER

Petitioner Wilder Manuel Lopez de Leon is a citizen of Guatemala who is currently being detained at the Denver Contract Detention Facility in Aurora, Colorado. Dkt. 1, ¶1; Dkt. 2-3. He entered the United States without inspection and has resided here for almost twenty years. Dkt. 1, ¶1. Mr. Lopez de Leon is a devoted husband and father to three U.S. citizen children, and he has no criminal record. *Id.* at ¶¶1–2. The Notice to Appear charged Mr. Lopez de Leon as being present in the United States without being admitted or paroled. Dkt. 2-3.

Mr. Lopez de Leon filed a Petition for Writ of Habeas Corpus on February 11, 2026, seeking an order from the Court directing Respondents to affect his immediate release. Dkt. 1. On the same day, he filed a Motion for TRO requesting the same relief. Dkt. 2. Mr. Lopez de Leon contends he is subject to detention, if at all, pursuant

to 8 U.S.C. § 1226(a). Dkt. 1. This Court ordered Respondents[1] to respond to the Petition within seven days of service and show cause why it should not be granted pursuant to this Court's previous analysis in *Aleman Hernandez v. Baltazar*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159, at *1 (D. Colo. Dec. 23, 2025). Dkt. 12. Respondents filed their Response on February 19, 2026. Dkt. 16.

The Court has jurisdiction over this matter pursuant to Section 2241 of Title 28, which authorizes it to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he traditional function of the writ is to secure release from illegal custody." *Id.* Noncitizens may properly challenge the lawfulness of their detention through habeas proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

The Court has considered the Petition, the TRO, the Response, the various attachments, and the governing law. Because the challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. For the reasons shared in the following discussion, the Court GRANTS the petition.

---

[1] "Respondents" refers to Juan Baltazar, the Warden of the Denver Contract ICE Detention Center; Robert Hagan, the Director of the Denver ICE Field Office; Kristi Noem, the Secretary of the United States Department of Homeland Security; Todd Lyons, the Acting Director of ICE; and Pam Bondi, the United States Attorney General.

## ANALYSIS

This matter presents a similar factual background and procedural posture to another of the Court's recent cases. *See Aleman Hernandez v. Baltazar*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159, at *1 (D. Colo. Dec. 23, 2025). In *Aleman Hernandez*, this Court conducted a review of the governing statutes relied on by the parties here and concluded that when 8 U.S.C. §§ 1225 and 1226 are read together, they "cover [noncitizens] presenting at arrival (under § 1225) and then *everybody else* (under § 1226)." *Aleman Hernandez*, 2025 WL 3718159, at *6 (citing *J.G.O. v. Francis*, No. 25-CV-7233 (AS), 2025 WL 3040142, at *4 (S.D.N.Y. Oct. 28, 2025) (emphasis in original). Because Mr. Aleman Hernandez had been present in the United Staes for more than a decade, the Court found that Respondents were unlawfully detaining him under § 1225, and that he was only properly detained under § 1226. *Id.*

In much appreciated candor, Respondents acknowledge that the facts and legal issues in this case are materially indistinguishable from those in *Aleman Hernandez*.[2] Dkt. 15, pp.2–3. Although they disagree with the Court's previous conclusions, they recognize that the Supreme Court and Tenth Circuit have not yet offered guidance on these legal questions. *Id.* at p.4. Respondents also cite the Fifth Circuit's recent order in *Buenrostro-Mendez v. Bondi*, ---F.4th---, 2026 WL 323330, at **5–10 (5th Cir. Feb. 6, 2026), wherein the court agreed with Respondents' interpretation of the

---

[2] Respondents do argue that this case differs from Aleman Hernandez in the relief that it seeks. The Court will address the requested relief below.

3

relevant statutes, and they have attached their response brief in *Gutierrez v. Baltazar*, No. 25-cv-02720-RMR, which explains their positions on these matters. Dkt. 16-1.

The Court has reviewed the Fifth Circuit's opinion but is instead persuaded by District Judge Charlotte N. Sweeney's analysis in *Singh v. Baltazar*, ---F.Supp.3d---, 2026 WL 352870, at **3–6 (D. Colo. Feb. 9, 2026), wherein she surgically dismantles the Fifth Circuit's reasoning. Like Judge Sweeney, this Court is not persuaded that its own analysis in *Aleman Hernandez* must be upended. Consequently, the Court adopts and incorporates its statutory analysis and conclusions from *Aleman Hernandez*, *supra*, as though stated fully herein.

Mr. Lopez de Leon has been in the United States for almost twenty years, and therefore, it cannot be said that he is seeking admission as described under 8 U.S.C. § 1225(b)(2)(A); rather, he is only properly detained under § 1226. *See Aleman Hernandez*, 2025 WL 3718159, at **2–7. To be sure, on Mr. Lopez de Leon's Notice to Appear, the immigration official checked the box stating, "You are [a noncitizen] *present in the United States* who has not been admitted or paroled," rather than the box stating Mr. Lopez de Leon was "an arriving [noncitizen]." Dkt. 2-3 (emphasis added). Therefore, Mr. Lopez de Leon's continued detention pursuant to § 1225 is unlawful.

## REMEDY

The Court now turns to the question of relief. In this instance, the Court cannot conclude that ordering Respondents to provide Mr. Lopez de Leon with a bond hearing under § 1226 is an appropriate remedy. Not only is Petitioner's continued detention pursuant to § 1225 unlawful, but his original detention was also unlawful. Under § 1226, a noncitizen may only be arrested pursuant to a "warrant issued by the Attorney General." 8 U.S.C. § 1226(a).

Respondents had an opportunity in their papers to argue in the alternative that Mr. Lopez de Leon was subject to detention under § 1226 or provide some evidence that a warrant for his arrest had been issued. But they did not. Because Respondents have offered no lawful basis for his detention, the Court concludes that Mr. Lopez de Leon is entitled to immediate release. *Rivero v. Mina*, No. 6:26-cv-66-RBD-NWH, 2026 WL 199319, at *4 (M.D. Fla. Jan. 26, 2026); *see also Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *9 (D.N.J. Oct. 22, 2025). "Forcing a detainee to wait for a hearing for days or weeks more in custody—under who knows what conditions—when he is not lawfully detained in the first place would gut the purpose of habeas review." *Rivero*, 2026 WL 199319, at *4. Because the Court has determined that immediate release is the proper remedy, it will not address Petitioner's specific requests for relief had the Court granted bond.

\*   \*   \*

For the reasons shared above, Wilder Manuel Lopez de Leon's Petition for Writ of Habeas Corpus is **GRANTED**[3] and the Court **ORDERS** as follows:

1. Mr. Lopez de Leon is not subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) and Respondents are **PERMANENTLY ENJOINED** from re-detaining him under 8 U.S.C. § 1225(b)(2)(A).

2. Respondents shall immediately release Mr. Lopez de Leon from detention; however, he shall remain in Respondents' temporary custody for the sole purpose of Respondents effectuating his return to Stuart, Florida.

3. Respondents **SHALL** transport Mr. Lopez de Leon back to Stuart, Florida, **at their own expense**, within **36 hours** of the date and time of this Order.

4. To effectuate the purpose of the Court's Order and allow Mr. Lopez de Leon to return home, Respondents are also temporarily enjoined from detaining Mr. Lopez de Leon pursuant to 8 U.S.C. § 1226 for a period of fourteen days.

5. On or before Monday, February 23, 2026, Respondents shall confirm in writing Petitioner's release from custody and his return to Florida.

6. This Court retains jurisdiction over this matter to ensure Respondents comply with this Order.

DATED: February 20, 2026, 2:21 PM

BY THE COURT

---

[3] To the extent Petitioner's counsel seeks an award of attorney's fees, he must file a separate motion for fees that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice for this District.

_____

S. Kato Crews
United States District Judge

Case No. 1:26-cv-00555-SKC-SBP    Document 17    filed 02/20/26    USDC Colorado
pg 7 of 7